IN THE SUPREME COURT OF THE STATE OF DELAWARE

GAMCO ASSET MANAGEMENT INC., §
§
    Plaintiff Below, § No. 593, 2016 D
    Appellant, §
§ Court Below: Court of Chancery
    v. § of the State of Delaware
§
iHEARTMEDIA INC., iHEART § C.A. No. 12312–VCS
COMMUNICATIONS, INC., BAIN §
CAPITAL PARTNERS, LLC, §
THOMAS H. LEE PARTNERS, L.P., §
ROBERT W. PITTMAN, VINCENTE §
PIEDRAHITA, BLAIR HENDRIX, §
DANIEL G. JONES, OLIVIA SABINE, §
CHRISTOPHER TEMPLE, DALE W. §
TREMBLAY and DOUGLAS L. JACOBS, §
§
    Defendants Below, §
    Appellees. §
§
        -and- §
§
CLEAR CHANNEL OUTDOOR §
HOLDINGS, INC., §
§
    Nominal Defendant Below, §
    Appellee. §

Submitted: October 11, 2017
Decided: October 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 12th day of October 2017, we affirm largely on the basis of the Court of

Chancery's thorough decision dated November 23, 2016.[1]  We do not reach the

---

[1] *Gamco Asset Mgmt. Inc. v. iHeartMedia Inc.*, 2016 WL 6892802 (Del. Ch. Nov. 23, 2016).

question of whether the board's failure to demand repayment of the revolving note was barred by the prior settlement agreement and therefore res judicata, because we agree that the Court of Chancery properly found that under the pled circumstances, which included the board acting within the framework established by a forward-looking settlement agreement and the company's binding contractual obligations that strictly limited its ability to use repaid funds, the complaint failed to state a claim for breach of fiduciary duty.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice